UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ANDREW TANK, #105281,

        Petitioner,

                                       CASE NO. 2:20-CV-13425
v.                                  HON. GEORGE CARAM STEEH

ROBERT VASHAW,

        Respondent.
_____/

**OPINION AND ORDER HOLDING THE EXHAUSTED
CLAIMS IN ABEYANCE, STAYING THE PROCEEDINGS,
AND ADMINISTRATIVELY CLOSING THE CASE**

**I.  INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Christopher Andrew Tank ("Petitioner") was convicted of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), discharge of a firearm from a vehicle, Mich. Comp. Laws §750.234a, carrying a concealed weapon ("CCW"), Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b, following a jury trial in the Alpena County Circuit Court.  He was sentenced to life imprisonment without the

possibility of parole on the murder conviction, a concurrent term of life imprisonment on the weapon discharge conviction, a concurrent term of two to five year imprisonment on the CCW conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2016.

In his pro se pleadings, Petitioner raises claims concerning: (1) the denial of his request for an independent competency evaluation, (2) the denial of his directed verdict motion, (3) the admission of a dying declaration and his rights to confrontation and the effectiveness of trial counsel, (4) the prosecutor's alleged reference to his failure to testify and his right against self-incrimination, and (5) the prosecutor's alleged misconduct in appealing to jurors' emotions.

Having reviewed the matter and for the reasons set forth herein, the Court concludes that Petitioner has not properly exhausted state court remedies as to all of his habeas claims and that a stay of the proceedings, rather than a non-prejudicial dismissal of the habeas petition, is appropriate.

## II.  PROCEDURAL HISTORY

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising several claims, including

his first three habeas claims. The court denied relief on those claims and affirmed his convictions and sentences. People v. Tank, No. 335366, 2018 WL 1880702 (Mich. Ct. App. April 19, 2018). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising those same claims, as well as additional claims, including his last two habeas claims. The court denied leave to appeal in a standard order. People v. Tank, 504 Mich. 944, 931 N.W.2d 307 (July 29, 2019). Petitioner also filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. Tank v. Michigan, _ U.S._, 140 S. Ct. 651 (Dec. 9, 2019).

Petitioner submitted his federal habeas petition to prison officials for mailing on December 4, 2020. His petition is therefore timely filed.[1]

### III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. See 28 U.S.C. §§ 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to

---

[1] The Court initially issued a show cause order regarding the timeliness of the petition. Petitioner filed a reply to that order confirming that he filed a certiorari petition.

resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. See McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The claims must also be presented to the state courts as federal constitutional issues. See Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990); Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

    Petitioner does not meet his burden of demonstrating exhaustion of state court remedies. He admits that he did not present his fourth and fifth habeas claims to the Michigan Court of Appeals and first raised those claims before the Michigan Supreme Court. First presenting a claim before

the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement.  See Castille v. Peoples, 489 U.S. 346, 349 (1989); Hickey v. Hoffner, 701 F. App'x 422, 425 (6th Cir. 2017).  Petitioner thus failed to properly exhaust two of his five habeas claims in the state courts before proceeding on federal habeas review.

      Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court."  Rose v. Lundy, 455 U.S. 509, 510 (1982); see also Rust, 17 F.3d at 160.  While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition.  Granberry v. Greer, 481 U.S. 129, 134-35 (1987).  For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, Witzke v. Withrow, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity.  Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987); see also 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite

failure to exhaust state court remedies).

A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." Id. at 277. In Rhines, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. Id. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court

to exhaust additional claims and then return to federal court on an amended petition. See, e.g., Moss v. Hofbauer, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 raising his unexhausted claims before the state trial court and then pursue an appeal of those claims in the state appellate courts as necessary.

Ordinarily, the Court would dismiss without prejudice a habeas petition containing both exhausted and unexhausted claims. In this case, however, the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), poses a problem for Petitioner because he filed his federal habeas petition with only a few days of the one-year limitations period remaining. If the Court were to dismiss this case, Petitioner would not have sufficient time to fully exhaust all of his habeas claims in the state courts and then return to federal court on a perfected petition. Additionally, while Petitioner does not discuss the good cause element in his pleadings, his unexhausted claims concern matters of federal law and do not appear to be plainly meritless, and there is no

evidence of intentional delay. His unexhausted claims should be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court is unable to apply the standard of 28 U.S.C. § 2254. The Court shall therefore hold the exhausted claims in the current habeas petition in abeyance and stay the habeas proceedings pending Petitioner's pursuit of state court remedies as to the unexhausted claims. The Court makes no determination as to the merits of any of Petitioner's claims.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not properly exhausted state court remedies as to his fourth and fifth habeas claims and that a stay of this case is warranted. The Court therefore holds the exhausted claims in the current habeas petition in abeyance and stays the habeas proceedings. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts by filing a motion for relief from judgment with the state trial court within 60 days of the filing date of this order. See Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to federal court with a motion to reopen and amend his habeas petition, using the same caption and case number, within 60 days of fully exhausting state

court remedies. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed.

Alternatively, if Petitioner wishes to delete the unexhausted claims and proceed only on the exhausted claims in his current habeas petition, he may move to re-open this case and amend his habeas petition to proceed only on the exhausted claims within 60 days of the filing date of this order.

Lastly, this case is closed for administrative purposes pending compliance with the Court's conditions.

**IT IS SO ORDERED.**

Dated: March 2, 2021

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 2, 2021, by electronic and/or ordinary mail and also on Christopher Tank #105281, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Brianna Sauve
Deputy Clerk