UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER TANK,

      Petitioner,

v.                            CASE NO. 20-CV-13425
                                 HON. GEORGE CARAM STEEH

MELINDA BRAMAN,

      Respondent.
_____/

## OPINION & ORDER DENYING THE (SECOND) AMENDED HABEAS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.   Introduction

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Christopher Andrew Tank ("petitioner") was convicted of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), discharge of a firearm from a vehicle, Mich. Comp. Laws § 750.234a, carrying a concealed weapon ("CCW"), Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b, following a jury trial in the Alpena County Circuit Court.   He was sentenced to life imprisonment without the possibility of parole on the murder conviction, a concurrent term of life

imprisonment on the weapon discharge conviction, a concurrent term of two to five years imprisonment on the CCW conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2016.

In his habeas petition, as amended, the petitioner raises claims concerning the denial of his request for an independent competency evaluation, the conduct of the prosecutor, the denial of his directed verdict motion/the sufficiency of the evidence, the admission of a dying declaration and his right to confrontation, and the effectiveness of trial and appellate counsel.   The respondent has filed an answer to the amended petition contending that certain claims are untimely, that certain claims are procedurally defaulted, and that all of the claims lack merit.

For the reasons set forth, the Court denies the habeas petition, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

The petitioner's convictions arise from the shooting death of Robert Arch outside Arch's home in Alpena County, Michigan on May 13, 2015. The Michigan Court of Appeals described the relevant facts, which are presumed correct on federal habeas review, see 28 U.S.C. § 2254(e)(1);

2

Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

The jury convicted defendant of murdering Robert Arch outside
Arch's home on May 13, 2015. Defendant and the victim were
formerly friends, but their relationship had become strained.
The victim's girlfriend, Stacy Phillips, had known defendant
since junior high school, and she briefly dated defendant's
brother. The victim had fathered a son with defendant's sister,
and the victim had recently obtained a favorable ruling in a
custody dispute with defendant's sister.

On May 13, defendant confronted the victim outside the victim's
home. The victim told defendant that he was not welcome and
asked him to leave. As the victim approached defendant's
vehicle, defendant sped off in his car, a small, green foreign
vehicle. Approximately 20 to 30 minutes later, the victim looked
outside his kitchen window and told Phillips that defendant had
returned. The victim went outside and then Phillips heard a
noise that sounded like fireworks. Phillips testified that she went
outside the front door and saw defendant shoot the victim.
According to Phillips, defendant, who was seated in the driver's
seat, reached across the passenger side of the vehicle, and
fired a gun through the open passenger window. Defendant
was the only person inside the vehicle. After the victim was
shot, he turned around and told Phillips: "Call the cops. Tell
them it was Chris Tank." Defendant then sped away in his
vehicle.

A 10–year–old witness testified that she saw a man in a green
car pull up to the victim's home and shoot another man multiple
times before driving away. She said there was only one person
inside the car. Another witness, however, testified that there
were two men in the car, and it was the passenger who fired
the gun.

A responding paramedic testified that while treating the victim
at the scene, he asked the victim "Who did this?" and the victim

3

replied, "Tank." Later that day, the police stopped defendant's vehicle, a green Subaru Legacy, on M–65 as it was headed out of town. The police discovered a .45 Colt pistol with an empty magazine inside the glove box of defendant's car. A spent shell casing was discovered behind the driver's seat. A backpack containing clothing and a loaded handgun magazine was lying on the front passenger seat. Additional pieces of luggage were in the back seat. A firearm's expert later matched two shell casings and a bullet fragment found at the scene to defendant's gun. An officer also observed an apparent bullet hole through the passenger side-view mirror of defendant's car. John Lucey, a forensic scientist with the Michigan State Police crime lab, was qualified as an expert in the field of fracture match principles. Lucey testified that pieces of black plastic recovered at the scene could be matched to the damaged housing unit of the side-view mirror of defendant's vehicle. The defense theory at trial was that a second person in defendant's vehicle shot the victim.

People v. Tank, No. 335366, 2018 WL 1880702, *1 (Mich. Ct. App. Apr. 19, 2018).

Following his convictions and sentencing, the petitioner filed an appeal of right with the Michigan Court of Appeals raising the following claims through counsel and in a supplemental pro se brief:

I. The trial court committed plain error when it allowed statements that violated [his] rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. Alternatively, trial counsel's failure to object on constitutional grounds constituted ineffective assistance of counsel. [He] is entitled to a new trial.

II. The trial court abused its discretion when it allowed expert

4

"fracture match" testimony without considering all the relevant factors of MRE 702. [He] is entitled to a new trial.

III. The trial court abused its discretion by denying [his] motion for directed verdict. This is a violation of [his] constitutional due process right.

IV. The trial court committed error by denying [him] the right to an independent psychological evaluation without considering all the relevant factors of MCL 768.20(A). This is a violation of [his] constitutional right to due process. [He] is entitled to a new trial.

The court denied relief on those claims and affirmed his convictions and sentences. Tank, 2018 WL 1880702 at *2-5. The petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising those same claims, as well as additional claims. The court denied leave to appeal in a standard order. People v. Tank, 504 Mich. 944, 931 N.W.2d 307 (July 29, 2019). The petitioner also filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. Tank v. Michigan, _ U.S. _, 140 S. Ct. 651 (Dec. 9, 2019).

The petitioner submitted his initial federal habeas petition to prison officials for mailing on December 4, 2020. In that petition, he raised claims concerning: (1) the denial of his request for an independent competency evaluation, (2) the denial of his directed verdict motion, (3) the admission of a dying declaration and his rights to confrontation and the effectiveness of

5

trial counsel, (4) the prosecutor's alleged reference to his failure to testify and his right against self-incrimination, and (5) the prosecutor's alleged misconduct in appealing to jurors' emotions.   ECF No. 1.   Following a show cause order and responses, the court concluded that the petitioner filed a mixed habeas petition containing both exhausted and unexhausted claims, held the exhausted claims in abeyance, stayed the proceedings, and administratively closed the case.   ECF No. 5.

On April 23, 2021, the petitioner filed an initial motion for relief from judgment with the state trial court.   ECF No. 20-15.   On June 22, 2021, the court dismissed without prejudice that motion because it was based on an unsigned and unsworn affidavit.   ECF No. 20-16.   On December 13, 2021, the petitioner filed another motion for relief from judgment with the state trial court raising the following claims:

> I. The trial court violated the Fourteenth Amendment's Due Process Clause and the Sixth Amendment's Compulsory Process Clause when it denied [him] an independent psychological evaluation and/or trial counsel was ineffective for failing to object on constitutional grounds.
>
> II. The self-incrimination clause of the Fifth Amendment was violated when the prosecutor made comments on [his] failure…to testify and/or trial counsel was ineffective for failing to object on constitutional grounds.

III. [His] Fifth and Fourteenth Amendment due process rights were violated when the prosecutor made an inflammatory appeal to emotion during closing arguments and/or defense counsel was ineffective for failing to object to the misconduct.

IV. [His] due process rights were violated when the prosecutor misstated the facts during closing arguments and/or trial counsel was ineffective for failing to object to the misconduct.

V. [His] Sixth Amendment right to the effective assistance of counsel was violated when trial counsel failed to call [his] father to testify.

VI. [His] due process rights were violated when the jury convicted [him] of premeditated murder against the great weight of the evidence.

VII. [His] due process rights were violated by the cumulative prejudicial effect of al the errors at trial.

ECF No. 20-17.   The court denied the motion pursuant to Michigan Court Rules 6.508(D)(2) and (3), and for lack of merit.   People v. Tank, No. 15-006912-FC (Alpena Co. Cir. Ct. Mar. 18, 2022), ECF No. 20-19.   The petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for failure "to establish that the trial court erred in denying the motion for relief from judgment."   People v. Tank, No. 360836 (Mich. Ct. App. Sept. 26, 2022), ECF No. 20-21.   The petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied for failure "to meet the burden of establishing

7

entitlement to relief under MCR 6.508(D)."   <u>People v. Tank</u>, _ Mich. _, 984 N.W.2d 200 (Jan. 31, 2023).

The petitioner then moved to reopen this case to proceed on an amended habeas petition raising the claims contained in his initial petition, as well as claims raised on collateral review in the state courts.   ECF No. 10.   The court granted those motions, reopened the case, and ordered responsive pleadings.   ECF No. 11.

The petitioner subsequently moved to further amend his habeas petition, ECF No. 13, and the Court granted that motion.   ECF No. 14.   In his (second) amended habeas petition, he raises the following claims:

> I. The trial court violated the Fourteenth Amendment's due process clause and the Sixth Amendment's compulsory process clause when it denied [him] an independent psychological evaluation.
>
> II. [His] Fifth and Fourteenth Amendment due process and self-incrimination rights were violated when the prosecutor made comments on [his] failure…to testify.
>
> III. [His] Fifth and Fourteenth Amendment due process rights were violated when the prosecutor made an inflammatory appeal to emotion during closing arguments.
>
> IV. [His] Fourteenth Amendment due process rights were violated when the trial court denied [his] motion for a directed verdict and/or when the jury convicted [him] of first-degree murder upon insufficient evidence.

V. [His] Sixth Amendment right to the effective assistance of counsel was violated when trial counsel failed to call [his] father to testify.

VI. [His] Fifth and Fourteenth Amendment due process rights were violated when the prosecutor misstated the facts during closing argument.

VII. The trial court committed plain error when it allowed statements that violated [his] rights under the confrontation clause of the Sixth Amendment to the United States Constitution. Alternatively, trial counsel's failure to object on constitutional grounds constituted ineffective assistance of counsel.

VIII. [His] Sixth Amendment right to the effective assistance of counsel was violated by the ineffective assistance of trial counsel.

IX. [His] Sixth Amendment right to the effective assistance of counsel and Fourteenth Amendment due process rights were violated by the ineffective assistance of appellate counsel.

ECF No. 13.   The respondent has filed an answer to the amended habeas petition contending that certain claims are untimely, that certain claims are procedurally defaulted, and that all of the claims lack merit.   ECF No. 19. The petitioner filed a reply to that answer.   ECF No. 21.

## III.   Standard of Review

Federal law imposes the following standard of review for habeas cases brought by state prisoners:

9

An application for a writ of habeas corpus on behalf of a person
in custody pursuant to the judgment of a State court shall not
be granted with respect to any claim that was adjudicated on
the merits in State court proceedings unless the adjudication of
the claim –

(1)    resulted in a decision that was contrary to, or
       involved an unreasonable application of, clearly
       established Federal law, as determined by the
       Supreme Court of the United States; or

(2)    resulted in a decision that was based on an
       unreasonable determination of the facts in light of
       the evidence presented in the State court
       proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' ... clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme

Court cases]' or if it 'confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme] Court and nevertheless

arrives at a result different from [that] precedent.'"   Mitchell v. Esparza,

540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529

U.S. 362, 405-406 (2000)); see also Bell v. Cone, 535 U.S. 685, 694

(2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a

federal habeas court to 'grant the writ if the state court identifies the correct

10

governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case."   Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694.   However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-521 (citations omitted); see also Williams, 529 U.S. at 409.   "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"   Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's decision that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."   Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable."   Id. (citing Lockyer v. Andrade, 538 U.S.

63, 75 (2003)).   Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported the state court's decision; and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.   Id.

Thus, to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."   Id; see also White v. Woodall, 572 U.S. 415, 419-420 (2014).   Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."   Woods v. Donald, 575 U.S. 312, 316 (2015).   A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fair-minded jurists could find the state court decision to be reasonable.   Woods v. Etherton, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time

12

the state court renders its decision.   Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-126 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72.   Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"   Harrington, 562 U.S. at 100.   Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16.

The requirements of clearly established law are to be determined solely by Supreme Court precedent.   Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief.   Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (per curiam); see also Lopez v. Smith, 574 U.S. 1, 2 (2014) (per curiam).   The decisions of lower federal

13

courts, however, may be useful in assessing the reasonableness of the

state court's resolution of an issue.   Stewart v. Erwin, 503 F.3d 488, 493

(6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir.

2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on

federal habeas review.   See 28 U.S.C. § 2254(e)(1).   A petitioner may

rebut this presumption only with clear and convincing evidence.   Warren v.

Smith, 161 F.3d 358, 360-361 (6th Cir. 1998).   Lastly, habeas review is

"limited to the record that was before the state court."   Cullen v. Pinholster,

563 U.S. 170, 181 (2011).

## IV.   Discussion

### A.   Direct Appeal Claims

#### 1.   Independent Psychological Evaluation Claim

The petitioner asserts that he is entitled to habeas relief because the

trial court refused to provide him with an independent psychological

evaluation.   The respondent contends that this claim is not cognizable and

that it lacks merit.

The petitioner raised this claim (a state law version of it) on direct

appeal.   The Michigan Court of Appeals considered the claim and denied

14

relief.   The court explained:

> Defendant next argues in his Standard 4 brief that the trial court erred by denying his request for an independent psychological evaluation under MCL 768.20(a)(3). We disagree. This Court reviews a trial court's decision whether to grant an indigent defendant's motion for the appointment of an expert witness for an abuse of discretion. People v. Carnicom, 272 Mich. App. 614, 616; 727 N.W.2d 399 (2006).
>
> Defendant was entitled to an independent psychiatric evaluation only upon a showing of good cause. MCL 768.20a(3). At defense counsel's request, defendant was examined twice by a doctor at the Center for Forensic Psychiatry. Defendant does not discuss either of the resulting psychological reports, but merely asserts that "health records showing that [defendant] was diagnosed with general anxiety and ADHD in the months before the shooting" were provided before the second evaluation. However, "[m]ental illness or having an intellectual disability does not otherwise constitute a defense of legal insanity." MCL 768.21a(1). Defendant has not, either below or on appeal, presented anything to suggest that he could raise even a colorable claim of insanity. There is no basis for concluding that defendant established good cause for an independent psychiatric evaluation. Accordingly, the trial court did not abuse its discretion by denying defendant's motion for an independent psychiatric evaluation.

Tank, 2018 WL 1880702 at *4-5.

The petitioner then raised the issue again, and as a federal issue, on collateral review.   The state trial court considered the claim and denied relief pursuant to Michigan Court Rule 6.508(D)(2) because the Michigan Court of Appeals previously denied relief on such a claim and the petitioner

15

failed to establish that a retroactive change in the law undermined the prior decision, that new evidence would make a different result probable on retrial, or that there is a significant possibility of actual innocence.   Tank, No. 15-006912-FC at *4-5, ECF No. 20-19, PageID.1600-1601.

The state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]   First, to the extent that the petitioner asserts that his rights were violated under Michigan law, he fails to state a cognizable claim on federal habeas review.   It is well-settled that state courts are the final arbiters of state law and that federal courts will not intervene in such matters.   Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002).   Habeas relief does not lie for perceived errors of state law.   See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law

---

[1]The Court would reach the same result under a de novo standard of review.

questions").

Second, the petitioner fails to establish a violation of his federal constitutional rights. The United States Supreme Court has held that, in cases where a defendant's sanity at the time of the offense is a significant factor at trial, the government must provide an indigent defendant with access to a competent psychiatrist to conduct an appropriate examination and to assist the defendant in the preparation and presentation of a defense. Ake v. Oklahoma, 470 U.S. 68, 83 (1985). An indigent defendant, however, does not have a right to a psychiatrist of his own choosing or a right to funds in order to hire a particular expert. Id. Additionally, Ake does not require the provision of non-neutral psychiatric assistance. Miller v. Colson, 694 F.3d 691, 699 (6th Cir. 2012).

In this case, the trial court referred the petitioner to the Forensic Center for a psychiatric examination at defense counsel's request. Dr. Susan Tremonti conducted an initial evaluation and a second evaluation with additional medical records. As the petitioner acknowledges, Dr. Tremonti concluded that the petitioner had ADHD and generalized anxiety disorder, but was competent to stand trial. ECF No. 13, PageID.169. Thus, while Dr. Tremonti found that the petitioner had certain mental health

issues, she did not indicate that the petitioner's sanity at the time of the offense was a "significant factor" at trial.   Moreover, the petitioner fails to provide evidence that his sanity was in question at the time of the offense or trial.   He thus fails to establish a violation of his constitutional rights under Ake.

Lastly, to the extent that the petitioner asserts that he was denied the right to present a defense, he is not entitled to relief.   The right of an accused to present a defense is a "fundamental element of due process." Washington v. Texas, 388 U.S. 14, 19 (1967); see also Holmes v. South Carolina, 547 U.S. 319, 329-331 (2006); Chambers v. Mississippi, 410 U.S. 284, 302 (1973).   In such cases, the question is whether the defendant was afforded "a meaningful opportunity to present a complete defense." Crane v. Kentucky, 476 U.S. 683, 690 (1986) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)); Chambers, 410 U.S. at 302.

In this case, the petitioner could have called Dr. Tremonti to testify, but chose not to do so and presented a second-shooter defense.   He offers no evidence, such as a psychiatric report, to indicate that insanity was a viable defense at trial.   It is well-settled that conclusory allegations, without evidentiary support, are insufficient to warrant habeas relief.   See

18

Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998); see also Wogenstahl
v. Mitchell, 668 F.3d 307, 335-336 (6th Cir. 2012) (citing Workman and
denying relief on conclusory claims); Washington v. Renico, 455 F.3d 722,
733 (6th Cir. 2006) (conclusory allegations do not provide a basis for an
evidentiary hearing on habeas review).   Habeas relief is not warranted on
this claim.

### 2.    Directed Verdict/Insufficient Evidence Claim

The petitioner asserts that he is entitled to habeas relief because the
trial court erred in denying his directed verdict motion and the prosecution
presented insufficient evidence to support his first-degree premeditated
murder conviction.   The respondent contends that this claim is not
cognizable in part and that it lacks merit.

The petitioner raised this claim (as to the denial of his directed verdict
motion) on direct appeal.   The Michigan Court of Appeals considered the
claim and denied relief.   The court explained in relevant part:

> The evidence in this case was sufficient to support a finding of
> premeditation. Testimony was presented that defendant and
> the victim knew each other, but had recently become
> estranged, ostensibly because of defendant's conduct toward
> the victim's girlfriend or the victim's custody battle with
> defendant's sister. Testimony was also presented of
> defendant's recent hostile encounters with the victim at the

19

victim's home. Such evidence may support an inference of premeditation. In addition, defendant visited the victim's home and was involved in an altercation with the victim approximately 20 minutes before the shooting. The evidence indicated that defendant left the victim's house, returned 20 minutes later, and immediately shot the unarmed victim before driving off and leaving town. The jury could find from this evidence that defendant formed an intent to kill the victim, went home to obtain a gun and pack some clothing, returned to the victim's home intending to kill him, shot the victim, and then left town. Although defendant presents alternative reasons for why he would have his belongings in his car with him as he fled, the trial court was required to view the evidence in a light most favorable to the prosecution. A reasonable jury could have found that defendant had already packed and placed his belongings in his car when he shot the victim as part of a preconceived plan to kill the victim and leave town. The trial court did not err in denying defendant's motion for a directed verdict.

Tank, 2018 WL 1880702 at *4.

The petitioner then raised the issue again, and as a federal insufficient evidence issue, on collateral review. The state trial court considered the claim and denied relief pursuant to Michigan Court Rule 6.508(D)(2) because the Michigan Court of Appeals previously denied relief on such a claim and the petitioner failed to establish that a retroactive change in the law undermined the prior decision, that new evidence would make a different result probable on retrial, or that there is a significant possibility of actual innocence. Tank, No. 15-006912-FC at *9-10, ECF

20

No. 20-19, PageID.1605-1606.

The state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[2]   First, to the extent that the petitioner contests the denial of his directed verdict motion, he fails to state a cognizable habeas claim.   A claim that a trial court abused its discretion in denying a motion for directed verdict is a state law claim that is not cognizable on federal habeas review. See King v. Trippett, 27 F. App'x 506, 510 (6th Cir. 2001) (citing Estelle, 502 U.S. at 67-68); see also Holloway v. Palmer, No. 16-2450, 2017 WL 4844457, *3 (6th Cir. April 5, 2017) (citing King).   As discussed, habeas relief does not lie for perceived violations of state law.   Estelle, 502 U.S. at 67-68.   State courts are the final arbiters of state law and that federal courts will not intervene in such matters.   Lewis, 497 U.S. at 780; Oviedo, 809 F.2d at 328; see also Bradshaw, 546 U.S. at 76; Sanford, 288 F.3d at 860.

Second, the petitioner fails to establish a violation of his federal constitutional rights.   The Federal Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt

---

[2]The Court would reach the same result under a de novo standard of review.

of every fact necessary to constitute the crime with which he is charged."
In re Winship, 397 U.S. 358, 364 (1970).   The question on a sufficiency of
the evidence claim is "whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt."   Jackson v.
Virginia, 443 U.S. 307, 319 (1979).   The Jackson standard must be
applied "with explicit reference to the substantive elements of the criminal
offense as defined by state law."   Brown v. Palmer, 441 F.3d 347, 351 (6th
Cir. 2006) (quoting Jackson, 443 U.S. at 324 n. 16).

A federal habeas court views this standard through the framework of
28 U.S.C. § 2254(d).   Martin v. Mitchell, 280 F.3d 594, 617 (6th Cir. 2002).
Thus, under the AEDPA, challenges to the sufficiency of the evidence
"must survive two layers of deference to groups who might view facts
differently" than a reviewing court on habeas review – the factfinder at trial
and the state court on appellate review – as long as those determinations
are reasonable.   Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009).   "[I]t
is the responsibility of the jury – not the court – to decide what conclusions
should be drawn from the evidence admitted at trial."   Cavazos v. Smith,
565 U.S. 1, 2 (2011) (per curiam).   "A reviewing court does not re-weigh

the evidence or re-determine the credibility of the witnesses whose

demeanor has been observed by the trial court." Matthews v. Abramajtys,

319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S.

422, 434 (1983)).  Accordingly, the "mere existence of sufficient evidence

to convict ... defeats a petitioner's claim." Id. at 788-789.

Under Michigan law, first-degree premeditated murder requires proof

that the defendant intentionally killed the victim and that the killing was

premeditated and deliberate. People v. Taylor, 275 Mich App 177, 179;

737 NW2d 790 (2007); People v. Kelly, 231 Mich. App. 627, 642, 588

N.W.2d 480 (1998); Mich. Comp. Laws § 750.316.  Premeditation and

deliberation may be established by evidence showing: "(1) the prior

relationship of the parties; (2) the defendant's actions before the killing; (3)

the circumstances of the killing itself; and (4) the defendant's conduct after

the homicide." People v. Schollaert, 194 Mich. App. 158, 170, 486 N.W.2d

312 (1992); see also People v. Abraham, 234 Mich. App. 640, 656, 599

N.W.2d 736 (1999).  Premeditation and deliberation "require sufficient time

to allow the defendant to take a second look." Schollaert, 194 Mich. App.

at 170.

Additionally, as with any offense, the prosecution must prove beyond

a reasonable doubt that the defendant committed the crime. People v. Kern, 6 Mich. App. 406, 409, 149 N.W.2d 216 (1967). Direct or circumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of an offense, People v. Jolly, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including the identity of the perpetrator, Kern, 6 Mich. App. at 409, see also People v. Johnson, 146 Mich. App. 429, 434, 381 N.W.2d 740 (1985), and the defendant's intent or state of mind. People v. Dumas, 454 Mich. 390, 398, 563 N.W.2d 31 (1997); see also People v. Nowack, 462 Mich. 392, 402-403, 614 N.W.2d 78 (2000). The use of a lethal weapon supports an inference of an intent to kill. People v. Turner, 62 Mich. App. 467, 470, 233 N.W.2d 617 (1975).

In this case, the prosecution presented evidence that the victim had recently obtained a favorable ruling in a custody dispute with the petitioner's sister, that the petitioner drove to the victim's home on the day of the shooting, and that the victim told him to leave. The petitioner sped off in his car, but returned 20 to 30 minutes later. The victim went outside. The victim's girlfriend heard a "firecracker" noise, went outside, and saw the petitioner shoot the victim while leaning from the driver's seat of his car

24

toward the open passenger window. The victim told his girlfriend and a paramedic that the petitioner was the shooter. A short time later, the police stopped the petitioner in his car, which matched the description of the shooter's car, heading out of town with a gun, a shell casing, a loaded magazine, and luggage. Two shell casings and a bullet fragment found at the scene matched the petitioner's gun.

Such testimony and evidence was sufficient to establish that the petitioner possessed a firearm, that he intentionally shot and killed the victim, and that he acted with the requisite intent to support his first-degree premeditated murder conviction (and related weapons convictions). In particular, his confrontation with the victim, his return to the victim's house with a loaded gun 20 to 30 minutes later, his shooting of the victim from his car, his flight from the scene, and his attempted flight out of town established that he acted with premeditation and deliberation. To be sure, the use of a gun supports an inference of the intent to kill, see Hudson v. Lafler, 421 F. App'x 619, 626-627 (6th Cir. 2011); Turner, 62 Mich. App. 470, and the firing of multiple gunshots and the targeting of vital organs both support an inference of premeditation and deliberation, see Thomas v. McKee, 571 F. App'x 403, 407 (6th Cir. 2014) (multiple gunshots can

25

establish premeditation and deliberation); <u>Lundberg v. Buchkoe</u>, 338 F.2d

62, 69 (6th Cir. 1964) (premeditation may be logically inferred from wounds

to vital parts of the body under Michigan law).

The petitioner challenges the jury's evaluation of the evidence

presented at trial. However, it is the job of the fact-finder at trial, not a

federal habeas court, to resolve evidentiary conflicts. <u>Jackson</u>, 443 U.S. at

326; <u>Martin v. Mitchell</u>, 280 F.3d 594, 618 (6th Cir. 2002); <u>Walker v. Engle</u>,

703 F.2d 959, 969-970 (6th Cir. 1983) ("A federal habeas corpus court

faced with a record of historical facts that supports conflicting inferences

must presume – even if it does not affirmatively appear in the record – that

the trier of fact resolved any such conflicts in favor of the prosecution, and

must defer to that resolution."). The evidence presented at trial, viewed in

a light favorable to the prosecution, established beyond a reasonable doubt

that the petitioner committed the charged crimes. Habeas relief is not

warranted on this claim.

### 3. Admission of Dying Declaration Claim & Related Ineffective Assistance of Trial Counsel Claim

The petitioner asserts that he is entitled to habeas relief because the

trial court erred and violated his confrontation rights by admitting the

26

victim's dying declaration identifying him as the shooter and because trial counsel was ineffective for failing to object to such evidence.   The respondent contends that these claims lack merit.

### a.    Admission of Dying Declaration

The petitioner challenges the admission of the victim's dying declaration(s) identifying him as the shooter.   Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief.   Estelle, 502 U.S. at 67-68; Serra v. Michigan Dept. of Corr., 4 F.3d 1348, 1354 (6th Cir. 1993).   Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness" may it violate due process and warrant habeas relief.   Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003); see also Wynne v. Renico, 606 F.3d 867, 871 (6th Cir. 2010) (citing Bey v. Bagley, 500 F.3d 514, 519-520 (6th Cir. 2007)); McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004) (citing Estelle, 502 U.S. at 69-70).

The Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." U.S. Const. amend. VI.   The Confrontation Clause provides criminal defendants the right to confront and cross-examine witnesses against

27

them.   See, e.g., Davis v. Alaska, 415 U.S. 308, 315 (1973).   The right to

confront adverse witnesses generally prevents a court from admitting an

out-of-court statement against a criminal defendant.   California v. Green,

399 U.S. 149, 155-158 (1970).   The Sixth Amendment protections,

however, are not so broad as to exclude the admission of all hearsay

statements against a defendant despite the inability to confront the

declarant at trial.   See Maryland v. Craig, 497 U.S. 836, 847-848 (1990).

The constitutionality of admitting a hearsay statement depends on whether

the statement is testimonial or non-testimonial in nature and on the

circumstances surrounding the making of the statement.

The petitioner raised this claim on direct appeal.   The Michigan Court

of Appeals considered the claim on plain error review and denied relief.

The court explained in relevant part:

> Defendant acknowledges that the victim's statement to the
> paramedic qualifies as a "dying declaration" under MRE
> 804(b)(2). He argues, however, that the statement qualifies as
> "testimonial," and therefore, its admission violated his Sixth
> Amendment right of confrontation. US Const, Am VI; Const
> 1963, art 1, § 20. We disagree, because "dying declarations are
> admissible as an historical exception to the Confrontation
> Clause." People v. Taylor, 275 Mich. App. 177, 183; 737
> N.W.2d 790 (2007).
>
> Defendant cites Michigan v. Bryant, 562 U.S. 344; 131 S. Ct.

28

> 1143; 179 L. Ed. 2d 93 (2011), in support of his argument that dying declarations are not admissible unless they are nontestimonial. In that case, however, the Supreme Court acknowledged the historical-exception thesis proposed in <u>Crawford v. Washington</u>, 541 U.S. 36, 56 n.6; 124 S. Ct. 1354, 1364; 158 L. Ed. 2d 177 (2004), but noted that the state had failed to preserve its argument with regard to dying declarations, and therefore, it expressly declined to "decide that question here." <u>Bryant</u>, 562 U.S. at 351 n.1. Thus, <u>Bryant</u> does not repudiate this Court's holding in <u>Taylor</u> that dying declarations are admissible as an historical exception to the Confrontation Clause. Accordingly, there was no plain error in admitting the victim's dying declaration identifying defendant as his assailant.

<u>Tank</u>, 2018 WL 1880702 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that the petitioner challenges the admission of the victim's statements to his girlfriend or the paramedic under the Michigan Rules of Evidence, he merely alleges a violation of state law which does not entitle him to federal habeas relief. See <u>Walker v. Harry</u>, 462 F. App'x 543, 545 (6th Cir. 2012); <u>Wheeler v. Jones</u>, 59 F. App'x 23, 28 (6th Cir. 2003). As discussed, habeas relief does not lie for perceived errors of state law. <u>Estelle</u>, 502 U.S. at 67-68. State courts are the final arbiters of state law and federal courts will not intervene in such matters. <u>Lewis</u>, 497

U.S. at 780; Oviedo, 809 F.2d at 328; see also Bradshaw, 546 U.S. at 76;

Sanford, 288 F.3d at 860.   The petitioner is not entitled to habeas relief

based upon any perceived violation of Michigan law as to the admission of

this evidence.

Second, to the extent that the petitioner alleges a constitutional

violation, he is not entitled to relief.   The victim's statements were properly

admitted as dying declarations under an exception to the hearsay rule

under state law.   Those statements were based upon the victim's personal

knowledge and were made when he believed that his death was imminent

given the nature and extent of his injuries.   The petitioner fails to

demonstrate that the admission of this evidence rendered his trial

fundamentally unfair.   To be sure, the Sixth Circuit has observed that the

"Supreme Court has never held (except perhaps within the capital

sentencing context) that a state trial court's admission of relevant evidence,

no matter how prejudicial, amounted to a violation of due process."

Blackmon v. Booker, 696 F.3d 536, 551 (6th Cir. 2012) (emphasis in

original).

The petitioner is also not entitled to habeas relief on his claim that the

admission of the victim's statements to his girlfriend and/or the paramedic

violated his confrontation rights.   In Crawford v. Washington, 541 U.S. 36, 68 (2004), the Supreme Court held that out-of-court statements which are testimonial in nature are barred by the Confrontation Clause of the Sixth Amendment if the declarant is unavailable at trial and the defendant did not have a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable.   The Supreme Court, however, indicated that dying declarations may be an historical exception to this rule.   Id. at 56 n. 6.   The Supreme Court also confirmed that the rule of forfeiture by wrongdoing, i.e., that a defendant may not benefit from his wrongful prevention of a witness's future testimony, extinguishes confrontation claims on equitable grounds.   Id. at 62; see also Mich. R. Evid. 804(b)(6).

The Supreme Court has yet to definitively rule on the status of dying declarations under the Confrontation Clause.   See Michigan v. Bryant, 562 U.S. 344, 351, n.1 (2011); see also Walker, 462 F. App'x at 545-546 (explaining that "[i]n Crawford and again in Giles v. California, 554 U.S. 353, 128 S. Ct. 2678, 171 L. Ed. 2d 488 (2008), the Supreme Court hinted that dying declarations may fall within an exception to the constitutional bar against testimonial hearsay").   Since Crawford, several courts have found

a Confrontation Clause exception for dying declarations, <u>see</u>, <u>e.g.</u>,

<u>Kennedy v. Coleman</u>, No. 1:15-cv-684, 2016 WL 7475649, *9 (S.D. Ohio

Dec. 29, 2016); <u>Duncan v. Bobby</u>, No. 1:07 CV 839, 2008 WL 111229, *8

(N.D. Ohio Jan. 8, 2008); <u>People v. Taylor</u>, 275 Mich. App. 177, 182-183,

737 N.W.2d 790 (2007), but some have not.   <u>See</u>, <u>e.g.</u>, <u>United States v.</u>

<u>Jordan</u>, No. 04-CR-229-B, 2005 WL 513501, *3 (D. Colo. March 3, 2005).

Most courts have concluded that the issue is unresolved.   <u>See</u>, <u>e.g.</u>,

<u>Walker</u>, 462 F. App'x at 545-546; <u>Martin v. Fanies</u>, 365 F. App'x 736, 739

(5th Cir. 2010); <u>United States v. Littlesun</u>, 444 F.3d 1196, 1199 (9th Cir.

2006); <u>Taylor v. Prelesnik</u>, No. 09-cv-14214, 2011 WL 4694055, *3-4 (E.D.

Mich. Oct. 5, 2011) (citing cases).   This Court agrees that the issue

remains unresolved by the Supreme Court.   Consequently, the petitioner

cannot prevail on this claim as he cannot establish that the state court's

decision is contrary to or an unreasonable application of clearly-established

Supreme Court precedent.   A state court cannot act unreasonably under

AEDPA if the Supreme Court has not decided a question.   <u>See</u> <u>Wright v.</u>

<u>Van Patten</u>, 552 U.S. 120, 125-126 (2008) (per curiam) (reversing grant of

habeas relief because Supreme Court precedent provided "no clear answer

to the question"); <u>Walker</u>, 462 F. App'x at 545-546; <u>Taylor</u>, 2011 WL

4694055 at *3 (citing cases).

Moreover, several courts, including the Sixth Circuit, have recognized

the continuing viability of forfeiture by wrongdoing doctrine.   See, e.g.,

United States v. Garcia-Meza, 403 F.3d 364, 370 (6th Cir. 2005) (upholding

admission of victim's police statement about defendant's prior abuse);

Mayhew, 380 F. Supp. 2d at 966-968 (admitting victim's dying declaration);

People v. Bauder, 269 Mich. App. 174, 185-187, 712 N.W.2d 506 (2005)

(citing Garcia-Meza and upholding admission of murder victim's

statements).   Given that the victim was unable to testify at trial due to the

petitioner's wrongful conduct, it cannot be said that the admission of his

statements violated due process or otherwise rendered the trial

fundamentally unfair.

## b.   Effectiveness of Trial Counsel

The petitioner relatedly asserts that trial counsel was ineffective for

failing to object to the admission of the victim's dying declarations.   The

Sixth Amendment to the United States Constitution guarantees a criminal

defendant the right to the effective assistance of counsel.   In Strickland v.

Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong

test for determining whether a habeas petitioner has received ineffective

assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel guaranteed by the Sixth Amendment. Id. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. Id.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." Id. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in

34

the outcome of the proceeding.   Id.   "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."   Id. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.   "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."   Harrington, 562 U.S. at 105 (internal and end citations omitted).   "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."   Id.

The petitioner raised his claim on direct appeal.   The Michigan Court of Appeals denied relief concluded that he could not establish that trial counsel was ineffective for failing to object to the admission of the victim's dying declarations because those statements were admissible under state

law and their admission did not violate the Confrontation Clause.   Tank, 2018 WL 1880702 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Given the Michigan Court of Appeals' ruling that the evidence was properly admitted, as well as this Court's ruling that the underlying claim lacks merit, the petitioner cannot establish that trial counsel erred and/or that he was prejudiced by counsel's conduct.   Counsel cannot be ineffective for failing to make a futile or meritless objection or argument.   Tackett v. Trierweiler, 956 F.3d 358, 375 (6th Cir. 2020); Hoffner v. Bradshaw, 622 F.3d 487, 499 (6th Cir. 2010); see also Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").   The petitioner fails to establish that trial counsel was ineffective under the Strickland standard.   Habeas relief is not warranted on these claims.

## B.   Unexhausted, Procedurally Defaulted Claims

The petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to have him testify at trial and for raising a second shooter defense.   The respondent contends that these claims are

unexhausted because they were not raised on direct appeal or collateral review in the state courts and they are now barred by procedural default.

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust state remedies.   O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).   To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans).   The claims must also be presented to the state courts as federal constitutional issues.   Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Furthermore, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.   Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state

remedies before seeking federal habeas review.   Granberry v. Greer, 481

U.S. 129, 131, 134-135 (1987).   The burden is on the petitioner to prove

exhaustion.   Rust, 17 F.3d at 160.

The petitioner did not raise these claims on direct appeal or collateral

review in the state courts.   Consequently, the claims are unexhausted.

Additionally, the petitioner no longer has an available means by which to

exhaust these claims since he has already filed a state court motion for

relief from judgment.   Any attempt to file a successive motion for relief

from judgment would be futile.   Under Michigan Court Rule 6.502(G)(1), a

state criminal defendant is generally permitted to only file one post-

conviction motion for relief from judgment.   Gadomski v. Renico, 258 F.

App'x 781, 783 (6th Cir. 2007); Hudson v. Martin, 68 F. Supp. 2d 798, 800

(E.D. Mich. 1999).   These unexhausted claims do not fall within the

exceptions, e.g., a retroactive change in the law or newly-discovered

evidence, for filing a second or successive motion for relief from judgment.

See Mich. Ct. R. 6.502(G)(2).

Because the petitioner has not properly exhausted these claims in the

state courts and no longer has an available remedy by which to do so, the

claims are now procedurally defaulted for purposes of federal habeas

review.   See Gray v. Netherland, 518 U.S. 152, 161-162 (1996); Pudelski v. Wilson, 576 F.3d 595, 605 (6th Cir. 2009) (citing Martin v. Mitchell, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief is precluded on claims which have not been presented to the state courts in accordance with the state's procedural rules.   Wainwright v. Sykes, 433 U.S. 72, 85-87 (1977).   A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.   Coleman v. Thompson, 501 U.S. 722, 750-751 (1991); Nields v. Bradshaw, 482 F.3d 442 (6th Cir. 2007); Gravley v. Mills, 87 F.3d 779, 784-785 (6th Cir. 1996).

To establish cause, a petitioner must establish that some external impediment frustrated his or her ability to comply with the state's procedural rule.   Murray v. Carrier, 477 U.S. 478, 488 (1986).   A petitioner must present a substantial reason to excuse the default.   Amadeo v. Zant, 486 U.S. 214, 223 (1988).   Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably

available.   McCleskey v. Zant, 499 U.S. 467, 493-494 (1991).

The petitioner neither alleges nor establishes to cause to excuse this

procedural default.   Any failings by appellate counsel on direct appeal do

not excuse the petitioner's failure to properly exhaust these claims on

collateral review in the state courts.   A prisoner's pro se status or lack of

knowledge about state court rules does not constitute cause to excuse a

procedural default.   Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995);

Robertson v. Abramajtys, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001).

Because the petitioner fails to establish cause to excuse this default, the

court need not address the issue of prejudice.   See Smith v. Murray, 477

U.S. 527, 533 (1986); Long v. McKeen, 722 F.2d 286, 289 (6th Cir. 1983).

Lastly, the petitioner fails to demonstrate that a fundamental

miscarriage of justice has occurred.   The miscarriage of justice exception

requires a showing that a constitutional violation probably resulted in the

conviction of someone who is actually innocent.   Murray v. Carrier, 477

U.S. 478, 479-480 (1986).   To be credible, such a claim of actual

innocence requires a petitioner to support the allegations of constitutional

error with new reliable evidence that was not presented at trial.   Schlup v.

Delo, 513 U.S. 298, 324 (1995).   Actual innocence means factual

innocence, not mere legal insufficiency.   Bousley v. United States, 523

U.S. 614, 623 (1998).

The petitioner makes no such showing.   A claim of self-defense does

not establish actual, factual innocence and the petitioner's own self-serving

assertions of innocence are insufficient to support an actual innocence

claim.   "A reasonable juror surely could discount [a petitioner's] own

testimony in support of his own cause."   McCray v. Vasbinder, 499 F.3d

568, 573 (6th Cir. 2007) (citing cases).   The petitioner fails to establish his

actual innocence.   These claims are thus unexhausted, barred by

procedural default, and do not warrant habeas relief.

### C.   Procedurally Defaulted Collateral Review Claims

The petitioner asserts that he is entitled to habeas relief based upon

the claims first raised in his state court motion for relief from judgment,

which include claims that the prosecutor engaged in misconduct by

allegedly referring to his failure to testify, appealing to jurors' emotions, and

misstating the evidence and claims that trial counsel was ineffective for

failing to make certain objections at trial and for not calling his father to

testify at trial.   The respondent contends that the new claims raised in the

motion for relief from judgment (other than the ineffective assistance of

41

appellate counsel claim) are barred by procedural default because the petitioner first raised those claims on collateral review and the state courts denied relief pursuant to Michigan Court Rule 6.508(D)(3).

As discussed, federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules.   Wainwright, 433 U.S. at 85-87.   The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied on by the state courts to deny relief, and the procedural rule is "adequate and independent."   White v. Mitchell, 431 F.3d 517, 524 (6th Cir. 2006); Howard v. Bouchard, 405 F.3d 459, 477 (6th Cir. 2005).   "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."   Harris v. Reed, 489 U.S. 255, 263-264 (1989).   The last explained state court ruling is used to make this determination.   Ylst v. Nunnemaker, 501 U.S. 797, 803-805 (1991).

The petitioner presented the foregoing claims to the state courts in his motion for relief from judgment.   The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part,

that a court may not grant relief to a defendant if the motion for relief from

judgment alleges grounds for relief which could have been raised on direct

appeal, absent a showing of good cause for the failure to raise such

grounds previously and actual prejudice resulting therefrom. Mich. Ct. R.

6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has

held that the form orders used by the Michigan appellate courts to deny

leave to appeal in this case is unexplained because the citation to Michigan

Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural

default or a rejection on the merits. Guilmette v. Howes, 624 F.3d 286,

291-292 (6th Cir. 2010) (en banc). Consequently, under Guilmette, the

court must "look through" any unexplained orders of the Michigan appellate

courts to the state trial court's decision to determine the basis for the denial

of state post-conviction relief.

In this case, the Michigan Court of Appeals denied leave to appeal for

failure to show that the trial court erred in denying relief from judgment and

the trial court ruled that the petitioner failed to show good cause and actual

prejudice under Michigan Court Rule 6.508(D)(3) for his failure to raise

these claims on direct appeal of his convictions. Tank, No. 15-006912-FC,

ECF No. 20-19; PageID.1601-1607. The state courts thus clearly relied

upon a procedural default to deny relief on these claims.   Accordingly,

these claims are procedurally defaulted.

As discussed, a state prisoner who fails to comply with a state's

procedural rules waives the right to federal habeas review absent a

showing of cause for noncompliance and actual prejudice resulting from the

alleged constitutional violation, or a showing of a fundamental miscarriage

of justice.   Coleman, 501 U.S. at 753; Gravley, 87 F.3d at 784-785.   To

establish cause, a petitioner must establish that some external impediment

frustrated his or her ability to comply with the state's procedural rule.

Murray, 477 U.S. at 488.   A petitioner must present a substantial reason to

excuse the default, Amadeo, 486 U.S. at 223, such as interference by

officials, ineffective assistance of counsel, or a showing that the factual or

legal basis for the claim was not reasonably available.   McCleskey, 499

U.S. at 493-494.

The petitioner asserts ineffective assistance of appellate counsel as

cause to excuse this procedural default.   The right to the effective

assistance of counsel includes the right to the effective assistance of

appellate counsel on direct appeal.   Evitts v. Lucey, 469 U.S. 387, 396

(1985).   To establish ineffective assistance of counsel, a habeas petitioner

44

must show "that counsel's performance was deficient ... [and] that the

deficient performance prejudiced the defense."   Strickland v. Washington,

466 U.S. 668, 687 (1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.

1994).   In determining whether counsel's performance was deficient,

> [t]he court must ... determine whether, in light of all the
> circumstances, the identified acts or omissions were outside the
> wide range of professionally competent assistance .... At the
> same time, the court should recognize that counsel is strongly
> presumed to have rendered adequate assistance and made all
> significant decisions in the exercise of reasonable professional
> judgment.

Strickland, 466 U.S. at 690.   Judicial scrutiny of counsel's performance is

thus "highly deferential."   Id. at 689.   The defense is prejudiced only if

"there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."   Id. at 694.

It is well-established that a criminal defendant does not have a

constitutional right to have appellate counsel raise every non-frivolous

issue on appeal.   Jones v. Barnes, 463 U.S. 745, 751 (1983).   The

Supreme Court has explained:

> For judges to second-guess reasonable professional judgments
> and impose on appointed counsel a duty to raise every
> "colorable" claim suggested by a client would disserve the …
> goal of vigorous and effective advocacy…. Nothing in the
> Constitution or our interpretation of that document requires

such a standard.

Id. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Barnes, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. Meade v. Lavigne, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

The petitioner fails to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel raised substantial claims on direct appeal, including confrontation, ineffective assistance of trial counsel, and evidentiary claims. None of the

defaulted claims are "dead-bang winners" given that the state trial court ruled that they lack merit (in finding no cause and/or prejudice to excuse the default) – and given the significant evidence of guilt presented at trial.

Moreover, even if appellate counsel erred, the petitioner cannot show that he was prejudiced by appellate counsel's conduct (or demonstrate prejudice to excuse the procedural default) because the defaulted claims lack merit for the reasons stated by the trial court in denying relief from judgment.   See Tank, No. 15-006912-FC, ECF No. 20-19.   The petitioner fails to show that appellate counsel erred and/or that he was prejudiced by counsel's conduct.   He thus fails to establish cause and prejudice to excuse this procedural default.

The petitioner also fails to demonstrate that a fundamental miscarriage of justice has occurred.   As previously explained, the petitioner fails to demonstrate that he is actually innocent of the crimes. See discussion supra.   These claims are thus barred by procedural default, lack merit, and do not warrant federal habeas relief.

### D.   Ineffective Assistance of Appellate Counsel Claim

The petitioner also raises an independent claim that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise

the collateral review issues on direct appeal in the state courts.   The
respondent contends that this claim lacks merit.

The state trial court denied relief on this claim concluding that the
underlying collateral review claims lacked merit such that appellate counsel
was not deficient for failing to raise meritless arguments.   See Tank, No.
15-006912-FC, ECF No. 20-19, PageID.1607.

The state court's decision is neither contrary to Supreme Court
precedent nor an unreasonable application of federal law or the facts.[3]
The ineffective assistance of appellate counsel claim, while not itself
procedurally defaulted, nonetheless lacks merit.   As discussed, the
petitioner fails to establish that appellate counsel erred by failing to raise
the defaulted claims on direct appeal and the defaulted claims lack merit.
Appellate counsel cannot be deemed ineffective for failing to raise issues
that lack merit.   See Shaneberger v. Jones, 615 F.3d 448, 452 (6th Cir.
2010) (citing Greer v. Mitchell, 264 F.3d 663, 676 (6th Cir. 2001)).   The
petitioner fails to establish that appellate counsel erred and/or that he was
prejudiced by counsel's conduct.   Habeas relief is not warranted on this

---

[3]The Court would reach the same result under a de novo standard of review.

claim.

## V.    Conclusion

For the reasons stated, the court concludes that the petitioner is not

entitled to federal habeas relief on his claims.    Accordingly, the court

**DENIES** and **DISMISSES WITH PREJUDICE** the habeas petition.

Before the petitioner can appeal this decision, a certificate of

appealability ("COA") must issue.    See 28 U.S.C. § 2253(c)(1)(a); Fed. R.

App. P. 22(b).    A COA may issue only if a petitioner makes "a substantial

showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).

When a court denies relief on the merits, the substantial showing threshold

is met if the petitioner demonstrates that reasonable jurists would find the

court's assessment of the constitutional claim debatable or wrong.    Slack

v. McDaniel, 529 U.S. 473, 484-485 (2000).    When a court denies relief on

procedural grounds, a COA should issue if it is shown that reasonable

jurists would find it debatable whether the petitioner states a valid claim of

the denial of a constitutional right and that reasonable jurists would find it

debatable whether the court was correct in its procedural ruling.    Id.    The

petitioner makes no such showing.    He fails to make a substantial showing

of the denial of constitutional right as to his habeas claims and reasonable

49

jurists would not debate the correctness of the Court's procedural rulings.

Accordingly, the Court **DENIES** a COA.

Lastly, the Court concludes that an appeal from this decision cannot

be taken in good faith.   <u>See</u> Fed. R. App. P. 24(a).   Accordingly, the Court

**DENIES** the petitioner leave to proceed in forma pauperis on appeal.   This

case is **CLOSED**.

**IT IS SO ORDERED**.

<u>s/George Caram Steeh</u>
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:   February 4, 2025

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on February 4, 2025, by electronic and/or ordinary mail
and also on Christopher Tank #105281,
Richard A. Handlon Correctional Facility,
1728 Bluewater Highway, Ionia, MI 48846.

<u>s/LaShawn Saulsberry</u>
Deputy Clerk

---